

**IN THE FEDERAL DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
AT JACKSON**

IN RE:                                    )
                                          )
MICAH T. TRANSOU,                         )
               Petitioner,   )   Federal District Court Case #
                                          )
v.                                        )
                                          )
WARDEN JASON CLENDENION                   )
              Respondent.   )
                                          )
ON HABEAS CORPUS                          )
                                          )
                                          )

**PETITION FOR WRIT OF HABEAS CORPUS;
MEMORANDUM OF POINTS AND AUTHORITIES;
AND EXHIBITS IN SUPPORT**

Mr. Micah T. Transou, #295373
TCIX
1499 R.W. Moore Mem. Hwy.
Only, TN 37140

Petitioner in pro se

AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District   Western District at Jackson | |
|---|---|---|
| Name   Micah Transou | Prisoner No.   295373 | Case No. |

**Place of Confinement**
Turney Center Industrial Complex, 1499 R.W. Moore Memorial Hwy., Only, TN37140

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| Micah Timothy Transou          V. | Warden Jason Clendenion |

The Attorney General of the State of:   Tennessee

## PETITION

1.  Name and Location of court which entered the judgment of conviction under attack   Circuit Court for Madison County in Jackson, Tennessee

2.  Date of judgment of conviction   April 12, 2021

3.  Length of sentence   Ten years at 100%

4.  Nature of offense involved (all counts)   Aggravated kidnapping, Aggravated assault, Domestic assault, and unlawful possession of a firearm by a convicted felon

5.  What was your Plea? (Check one)
    (a) Not Guilty          ☐
    (b) Guilty              ☐
    (c) Nolo contendere     ☐
    If you entered a guilty plea to one count or indictment, and a not guilty plea to anther count or indictment, give  details:

6.  If you pleaded not guilty, what kind of trial did you have? (Check one)
    (a) Jury          ☐
    (b) Judge only    ☐

7.  Did you testify at the trial?
    Yes ☐    No ☐

8.  Did you appeal from the judgment of conviction?
    Yes ☐    No ☐

(1)

AO 241 (Rev. 5/85)

9.  If you did appeal, answer the following:

    (a) Name of court _____

    (b) Result _____

    (c) Date of result and citation, if known _____

    (d) Grounds raised _____

        _____

    (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

        (1) Name of court _____

        (2) Result _____

        _____

        (3) Date of result and citation, if known _____

        (4) Grounds raised _____

        _____

    (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

        (1) Name of court _____

        (2) Result _____

        _____

        (3) Date of result and citation, if known _____

        (4) Grounds raised _____

        _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes  ☒    No  ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court   <u>Madison County Circuit Court</u>

        (2) Nature of proceedings   <u>Postconviction Petition</u>

        _____

        (3) Grounds raised   <u>Ineffective assistance of counsel and invalid guilty plea</u>

        ____

(2)

AO 241 (Rev. 5/85)

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____ No _____

(5) Result  Denied _____

(6) Date of result  2021 _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court  Court of Criminal Appeals at Jackson (2) Name of proceeding  Post-conviction appeal

(3) Grounds raised  ineffective assistance of counsel and invalid guilty plea _____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes _____ No _____

(5) Result  Denied _____

(6) Date of result  October 14, 2022 _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

(1) First petition, etc.       Yes _____ No _____

(2) Second petition, etc.      Yes _____ No _____

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

Under Tennessee law a Petition for review to the Tennessee Supreme Court is no longer necessary to exhaust state remedies _____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully.  Summarize *briefly* the *facts* supporting each ground.  If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION:  In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each grin on which you request action by the federal court.  If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings.  Each statement preceded by a letter constitutes a separate ground for possible relief.  You may raise any

AO 241 (Rev. 5/85)

grounds which you may have other than those listed if you have exhausted your state remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with the understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal

A. Ground one:  Ineffective Assistance of Counsel

Supporting FACTS (state briefly without citing cases or law): 

See supporting facts in the attached habeas corpus petition

B. Ground two:  Invalid guilty plea

Supporting FACTS (state briefly without citing cases or law): 

See attached petition

AO 241 (Rev. 5/85)

C. Ground three: _____

Supporting FACTS (state briefly without citing cases or law): _____

_____

_____

_____

_____

_____

_____

D. Ground four: _____

Supporting FACTS (state briefly without citing cases or law): _____

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes          No

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing    Attorney Joshua Phillips

_____

    (b) At arraignment and plea    Attorney Joshua Phillips _____

_____

AO 241 (Rev. 5/85)

(c) At trial   <u>Attorney Joshua Phillips</u>

(d) At sentencing   <u>Attorney Joshua Phillips</u>

(e) On appeal

(f) In any post-conviction proceeding   <u>Attorney Mitchell A. Raines</u>

(g) On appeal from any adverse ruling in a post-conviction proceeding   <u>Attorney Mitchell A. Raines</u>

16.  Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes          No

17.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes          No
(a)  If so, give name and location of court which imposed sentenced to be served in the future:

(b)  Give date and length of the above sentence:

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes          No

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

Signature of Attorney (if any) N/A

I declare under penalty of perjury that the foregoing is true and correct.  Executed on.

#295373

Date 24 JAN 23

Signature of Petitioner

(6)

# TABLE OF CONTENTS

Page:

TABLE OF AUTHORITIES... ……………………………………………...iv

I.   INTRODUCTION..................................................................................1

II.  STATEMENT OF THE CASE...............................................................1

III. PETITIONER'S RELEVANT TESTIMONY AT THE POST-CONVICTION
     HEARING IN STATE COURT……………………………………………...3

IV. STATEMENT OF FACTS....................................................................4

V. SUMMARY OF PETITION..................................................................4

V1. PARTIES .......................................................................................5

VI1.  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
      OF THE PETITION FOR WRIT OF HABEAS CORPUS

APPLICABLE HABEAS CORPUS LAW....................................................5

A. Standard of Federal Habeas Corpus Review Pursuant to 28 U.S.C. §2254 ...........5

VIII.
ARGUMENTS
ISSUE

I.
PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF
COUNSEL IN VIOLATION OF U.S. CONST. AMENDS. 6, 14

A.  APPLICABLE LAW REGARDING INEFFECTIVE ASSISTANCE ...................4

ARGUMENT

B. COUNSEL'S PERFORMANCE WAS DEFICIENT AND PETITIONER
   SUFFERED PREJUDICE FROM HIS DEFICIENT PERFORMANCE.................5
1) Deficient Performance of Counsel...........................................................5

B. Petitioner suffered actual Prejudice due to Counsel's Deficient Performance........7

ARGUMENT

IX.
PETITIONER'S GUILTY PLEA WAS ENTERED INVOLUNTARILY,
UNKNOWINGLY AND UNINTELLIGENTLY IN VIOLATION OF THE
DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT

A. APPLICABLE LAW .............................................................10

## X.

THE STATE COURT'S RULING IS ERRONEOUS AND NOT ENTITLED TO
DEFERENCE WITHIN THE MEANING OF 28 U.S.C. §2254 (e) (1)......... ..........11

CONCLUSION ......................................................................................................12

VERIFICATION ...................................................................................................12

REQUEST FOR RELIEF   ...................................................................................12

PROOF OF SERVICE............................................................................................13

# TABLE OF AUTHORITIES

**Cases:**                                                                  **Page(s)**

Biros v. Bagley, 422 F.3d 379 (6th Cir. 2005) ....................................................3

Boykin v. Alabama, 395 U.S. 238 (1969) .........................................................7

Boyd v. Waymart, 579 F. 3d 330 (3rd Cir. 2009) ..........................................4

Brady v. United States, 397 U.S. 742 (1970) ...................................................8

Evitts v. Lucey, 469 U.S. 387 (1985) ...............................................................7

Johnson v. Zerbst, 304 U.S. 458 (1938) ...........................................................8

Kimmelman v. Morrison, 106 S.Ct. 2574 (1986).............................................7

Lockhart v. Fretwell, 506 U.S. 364 (1993)........................................................7

Lyons v. Jackson, 299 F. 3d 588 (6th Cir. 2002) .............................................3

McAdoo v. Elo, 365 F. 3d 487 (6th Cir. 2004) .................................................3

Miller v. Straub, 299 F. 3d 570 (6th Cir. 2002)...............................................3

Mitchell v. Mason, 325 F.3d 732 (6th Cir. 2003)..............................................3

Nix v. Whiteside, 475 U.S. 157 (1986) ..............................................................7

North Carolina v. Alford, 400 U.S. 25 (1970)................................................7, 8

Powell v. Collins, 332 F. 3d 376 (6th Cir. 2003) .............................................4

Strickland v. Washington, 466 U.S. 668 (1984)....................................passim

U.S. v. Cronic, 104 S.Ct. 2039 (1984) ..............................................................7

Wiggins v. Smith, 539 U.S. 510 (2003) .............................................................6

Williams v. Taylor, 529 U.S. 362 (2000) ...........................................................3

**Constitutional Provisions**

U. S. Const. Amend. 6 ...................................................................passim
U.S. Const. Amend. 14 ................................................................passim

**EXHIBIT "A" -** Court of Criminal Appeals 10-14-22 Memorandum opinion

---

**IN THE FEDERAL DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**AT JACKSON**

IN RE:                                      )
                                            )
MICAH T. TRANSOU,                           )
                    Petitioner,             ) Federal District Court Case #
                                            )
v.                                          )
                                            )
WARDEN JASON CLENDENION                     )
                                            ) **PETITION FOR WRIT OF HABEAS**
                                            ) **CORPUS PURSUANT TO 28 U.S.C. §2254;**
                    Respondents.            ) **MEMORANDUM OF POINTS AND**
                                            ) **AUTHORITIES, AND EXHIBITS IN**
ON HABEAS CORPUS                            ) **SUPPORT**
                                            )

---

## PETITION FOR WRIT OF HABEAS CORPUS

### I.

### INTRODUCTION

Comes now the Petitioner, MICAH T. TRANSOU, proceeding in pro se, and petitions the Court for a Writ of Habeas Corpus pursuant to *28 U.S.C.A.§2254*. In support of this writ Petitioner offers the following.

Petitioner, Micah T. Transou, TDOC #295373, is currently incarcerated at the Turney Center Industrial Complex, in Only, Tennessee, serving a 10-year sentence at 100%.

### II.

### STATEMENT OF THE CASE

On December 10, 2019, Petitioner pled guilty in Case No. 19-1261to the sale and delivery of cocaine with an offense date of August 21, 2018. He also pled guilty to the sale (Count 1) and delivery (Count 2) of more than one-half gram of cocaine in Case No. 19-127 with an offense date of August 24, 2018. Count 2 was merged into Count 1 for a single conviction of sale of cocaine. The trial court imposed an effective ten-year sentence as a Range I standard offender to be served in the Department of Correction. The judgment form

in Case No. 19-127 reflects that Petitioner was given pretrial jail credit from February 14, 2019 to March 6, 2019.On April 12, 2021, Petitioner entered a "best interest" plea in Case No. 19-661 to aggravated kidnapping, aggravated assault, domestic assault, and unlawful possession of a firearm by a convicted felon with an offense date of February 12, 2019.  The trial court imposed an effective ten-year sentence to be served at 100 percent, "concurrent with Madison County Circuit Nos. 19-126 and 19-127 from date of plea on April 12, 2021."  The "Special Conditions" section of the judgment forms states that Petitioner "waives any pre-plea jail credits accrued in this case." Guilty Plea Hearing The facts of this case as set forth by the State at the guilty plea submission hearing in Case No. 19-661 are as follows: [O]n February the 12th of 2019, the victim in this matter, Ms. Jessica Knight, came to JPD lobby to make a domestic assault report.  She advised that she was at the house with her ex-boyfriend, [Petitioner], who is before the court, to stay with him for the night.  She was trying to get some of her old belongings from [Petitioner].  She said that her alarm went off that morning and that [Petitioner] had been going through her phone and got upset with her and began yelling at her and hitting her regarding people that she had been talking to. The judgment forms in Case No. 19-126 do not appear in the record.  As pointed out by the State, the post-conviction court in its order denying relief noted that Petitioner entered guilty pleas in Case Nos. 19-126 and 19-127 on December 10, 2019, and Petitioner "received an agreed sentence of ten years to serve running concurrent to each other."  The record also contains copy of Petitioner's "Tennessee Offender Face Sheet," indicating that Petitioner was sentenced on December 10, 2019, in Case No. 19-126 for "Schedule II Drugs: Cocaine," with an offense date of August 21, 2016.

At the state post-conviction hearing in the trial court, trial counsel testified that Petitioner pled guilty first to the drug charges in Case Nos. 19-126 and 19-127 on December 10, 2019, and received an effective ten-year sentence to be served in the Department of Correction, and he was taken into custody that day. Petitioner pled guilty to aggravated kidnapping and other charges in Case No. 19-661 on April 12, 2021, and received an effective ten-year sentence to be served "concurrent with Madison County Circuit Court Nos. 19-126 and 19-127 from date of plea on April 12, 2021." Under the "Special Conditions" section, the judgment forms indicate that Petitioner "waives any pre-plea jail credits accrued in this case."

Trial counsel testified that Petitioner received pretrial jail credits toward the sentence for his drug cases. He said: [Petitioner] got his jail credits on the drug case[s]. He got credit for that time, and it all went on the drug case[s]. I guess when I spoke to the prosecutor when he wrote that in there, in hindsight I'll say this: I won't agree to waive pretrial jail credits to include that phrase in a guilty plea because you can't waive pretrial jail credits. But he got those credits on one of the cases and then on the kidnapping case it was run concurrent from the date that he pled.

Trail counsel testified that the waiver of pretrial jail credits in the guilty plea "shouldn't have been said or stated that way." He reiterated that Petitioner's pretrial jail credits were awarded in the drug cases. The following exchange then took place:

[Prosecutor]: But there weren't any [pretrial jail credits] to waive in this case because they had already been awarded?

[Trial Counsel]: Well, he got that credit off of his two drug cases and not off of the aggravated kidnapping case

### III.
### PETITIONER'S RELEVANT TESTIMONY AT THE POST-CONVICTION HEARING IN STATE COURT

Petitioner testified that trial counsel gave him "incorrect legal advice when he advised [Petitioner] to waive the granting of [his] mandatory pretrial jail credits[.]" He asserted: "The advice of trial counsel caused me to be restrained of my physical liberty more than the law requires on my concurrent sentences." Petitioner further explained: On the days that I was locked up until my plea agreement of April 12th of 2021, I understand that the law states that I was supposed to get those as well because it would contravene the concurrent status if I can't get them both concurrent meaning simultaneously starting one and starting two and ending at the same time and starting at the same time. * * * Both running together. So they pretty much got me doing a 12 year sentence on a 10 year sentence on the initial case which my later case was ran into my drug case which started 2019. So, anything - - any time I was incarcerated up until the date of that trial, I was supposed to get those as well subsequently. Petitioner testified that was he charged with offenses in the drug cases and the aggravated kidnapping case when

he was arrested in February of 2019. He said that he made bond on all three cases and went to court for the drug offenses in Case Nos. 19-126 and 19-127 on December 10, 2019, and "they sent [him] to prison[,]" Petitioner testified that he reappeared in the "same court" on April 12, 2021, "the same judge, the same lawyer and the same everything," and he pled guilty to aggravated kidnapping and the other charges in Case No. 19-661. He asserted that because the sentences in all three cases were ordered to be served concurrently, he should have received credit in the aggravated kidnapping case for pretrial jail credit for the period of February 14 to March 6, 2019, and for the portion of the sentence served in the drug cases from December 10, 2019, to the date of the sentencing on April 12, 2021, for the offenses in the aggravated kidnapping case.

At the conclusion of the post-conviction hearing, the post-conviction court found that Petitioner failed to show that trial counsel was "ineffective for having agree[d] to waive pretrial jail credits because it is clear that the [Petitioner] received those credits in two cases for which he was incarcerated at the same time," but the court found that Petitioner was entitled to pretrial jail credits in the aggravated kidnapping case for the period of February 14 to March 6, 2019, and awarded Petitioner those credits. The post-conviction court denied Petitioner's request for pretrial jail credits in the aggravated kidnapping case for time served in the drug cases prior to the date of Petitioner's guilty plea in the aggravated kidnapping case on April 12, 2021.

## IV.
## STATEMENT OF THE RELEVANT FACTS

For the sake of brevity, Petitioner refers this Court to the fact and evidence introduced at the state post-conviction hearing in this case, which are set out in the Court of Criminal Appeals opinion of 10-14-22, attached herein as EXHIBIT "A."

## V.
## SUMMARY OF PETITION

Petitioner was denied the effective assistance of counsel in violation of U.S. Const. Amends; 6, 14, where counsel's performance was deficient, and he suffered prejudice from such a deficiency. Moreover, Petitioner's guilty plea was not entered intelligently.

## VI.

### PARTIES

Petitioner MICAH T. TRANSOU, is a prisoner at Turney Center Industrial Complex in Only, Tennessee.

Respondent JASON CLENDENION is the Warden of Turney Center Industrial Complex in Only, Tennessee.

## VI.

### MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF THE PETITION FOR WRIT OF HABEAS CORPUS

## APPLICABLE HABEAS CORPUS LAW

### A. Standard of Federal Habeas Corpus Review Pursuant to 28 U.S.C. §2254

### STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs review of this case. Under *28 U.S.C. §2254, (d),* a federal court may not grant habeas relief unless the adjudication in the state court proceedings:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Lyons v. Jackson, 299 F. 3d 588, 595 (6th Cir. 2002); Miller v. Straub, 299 F. 3d 570, 577 (6th Cir. 2002).

A federal court is to apply a presumption of correctness to state court findings of fact for habeas corpus purposes unless clear and convincing evidence is offered to rebut this presumption. *28 U.S.C. §2254 (e) (1).* McAdoo v. Elo, 365 F. 3d 487, 493-94 (6th Cir. 2004). Accord, Biros v. Bagley, 422 F.3d 379, 386 (6th Cir. 2005), "Factual findings made by the state court, or by state appellate courts based upon the trial record, are presumed to be correct but may be rebutted by clear and convincing evidence." Mixed questions of law and fact are

reviewed under the "unreasonable application" prong. [*Id.*]. Whether counsel rendered effective assistance of counsel in a case is a mixed question of law and fact. See <u>Mitchell v. Mason</u>, 325 F.3d 732, 744-45 (6th Cir. 2003) (presumption of correctness under AEDPA's <u>section 2254 (e) (1)</u> did not apply to state supreme court's pronouncement that '[t]here is no factual basis for a conclusion that counsel's performance was constitutionally deficient; ...as this statement encompasses a mixed question of law and fact, which we review de novo).

A state court renders an adjudication "contrary to" clearly established federal law when it "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000). A state court renders an "unreasonable application" of clearly established federal law when it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." [Id. at 413].

In <u>Strickland v. Washington</u>, 466 U.S. 668, (1984), the Supreme Court set out the law applicable to an ineffective assistance of counsel claim such as that made by Mr. LaForce, herein. [<u>Lyons v. Jackson</u>, *supra,* 299 F. 3d at 596].

To succeed on an ineffective assistance of counsel claim, a petitioner must show (1) that his lawyer's performance was deficient and (2) that the deficiency prejudiced the defense. [<u>Strickland</u> 466 U.S. at 687]. In regard to the second or "prejudice" prong of <u>Strickland,</u> prejudice requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." [<u>Strickland</u> 466 U.S. at 694]. [1] A reasonable probability is "a probability sufficient to undermine confidence in the outcome." [*Id.*]. The ultimate focus of the collective inquiry is the fundamental fairness of the proceeding. In this vein this Court must determine whether the result of the proceeding is unreliable "because of a breakdown in the adversarial process that our system counts on to

---

[1] <u>Strickland</u> "does not require certainty or even a preponderance of the evidence that the outcome would have been different with effective assistance of counsel; it requires only [a] reasonable probability." <u>Boyd v. Waymart,</u> 579 F. 3d 330, 354 (3rd Cir. 2009); [<u>Strickland,</u> 466 U.S. at 693-94].

produce just results." [*Id.* at 695]. The Sixth Circuit has adopted the Strickland standards in its habeas jurisprudence. Powell v. Collins, 332 F. 3d 376, 398 (6th Cir. 2003).

## VIII.

## ARGUMENTS
## ISSUE

## I.

## PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF U.S. CONST. AMENDS. 6, 14

### A. APPLICABLE LAW REGARDING EFFECTIVE ASSISTANCE OF COUNSEL

A criminal defendant is constitutionally entitled to effective assistance of counsel. U.S. Const. Amends. 6, 14; [Strickland v. Washington, *supra,* 466 U.S. at 684-685]. To show a denial of effective assistance of counsel, a defendant must show" (1) his or her counsel's performance was below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance prejudiced the defendant. [Strickland, *supra,* 466 U.S. at pp. 687, 691-692. To show prejudice, a defendant must show there is a reasonable probability he or she would have received a more favorable result had counsel's performance not been deficient. [*Id.* at 466 U.S. at 693-694]. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the [trial counsel's] errors, the fact finder would have a reasonable doubt respecting guilt." [Strickland, *supra,* at 695]. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial and verdict.

### B. COUNSEL'S PERFORMANCE WAS DEFICIENT AND PETITIONER SUFFERED PREJUDICE FROM HIS DEFICIENT PERFORMANCE

#### 1) Deficient Performance of Counsel

In this case, Petitioner Transou asserts his defense counsel's ineffective representation, prior to and during trial, denied him the constitutional right to effective assistance of counsel in violation of U.S. Const. Amends. 6, 14.

In Petitioner's state post-conviction proceedings, he raised the following deficiencies of trial counsel:

1. Trial counsel failed to provide sufficient counsel for him to fully understand the nature and consequences of his guilty plea prior to entering the plea.

2. Trial counsel failed to advise Petitioner that he could not legally waive his jail credits and failed to explain this to him prior to entry of Petitioner's guilty plea.

Because of these reasons, Petitioner asserts the performance of his trial counsel fell below an objective standard of reasonableness under prevailing professional norms. See, [Strickland v. Washington, *supra*, 466 at 687, 691-692].

Petitioner's trial counsel, under prevailing professional norms, had no valid or legitimate reason to not to make sure that Petitioner fully understood that he could not waive his pre-sentencing jail credits. Moreover, counsel had a duty to ensure that Petitioner fully understood the consequences of entering a guilty plea, versus his trial and sentencing options. Petitioner testified at the state post-conviction hearing that counsel did not adequately advise him in this regard.

Counsel's failures fell below objective standards of prevailing professional norms. See, Wiggins v. Smith, 539 U.S. 510, 533-534 (2003); [Strickland v. Washington, *supra*, 466 at 687, 690-692]. In short, counsel's performance was below an objective standard of reasonableness under prevailing professional norms and was therefore deficient under the standards set forth in Strickland. Petitioner's burden is not to present "dispositive" proof, but rather proof by a preponderance of the evidence that his counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. Petitioner submits that he has met that burden.

## 2) Petitioner suffered actual Prejudice due to Counsel's Deficient Performance

Because counsel's performance in this case fell below an objective standard of reasonableness, Petitioner will now address the second prong to determine whether he was prejudiced by her counsel's performance. To show prejudice, Petitioner must show there is a

reasonable probability that he would have received a more favorable result had his counsel's performance not been below the prevailing professional norms. [Strickland v. Washington, *supra*, 466 at 693-694]. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the [trial counsel's] errors, the fact finder would have had a reasonable doubt respecting guilt." [Strickland at 695]. "A reasonable probability is a probability sufficient to undermine confidence in the outcome. [Citation.]. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." [Strickland, supra, at 695].

Petitioner submits that the prejudice resulting from trial counsel's deficient performance in this case, deprive him of the effective assistance of counsel, and resulted in a guilty plea that was not entered intelligently, voluntarily, and knowingly.

Petitioner argues that he was denied the effective assistance of trial counsel and was prejudiced by counsel's ineffectiveness. For this reason, he was denied a fundamentally trial. The right to the effective assistance of counsel is so basic and fundamental to a fair trial under the 6th and 14th Amendments to the Constitution that it cannot be seriously argued that absent effective assistance of counsel it is still possible to receive a fair trial. See, e.g. U.S. v. Cronic, 104 S.Ct. 2039, 2046 (1984) ("The right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial.") Accord, Kimmelman v. Morrison, 106 S.Ct. 2574, 2584 (1986) ("An accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair), citing [Strickland, *supra,* 466 U.S. at 685]. And of course the right to counsel is the right to effective assistance of counsel. Evitts v. Lucey, 469 U.S. 387, 395-396 (1985); [Strickland, *supra,* 466 U.S. at 686].

The Sixth Amendment right to counsel exists "in order to protect the fundamental right to a fair trial." Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993); [Strickland, *supra,* 466 U.S. at 684]; Nix v. Whiteside, 475 U.S. 157, 175 (1986) (noting that under Strickland, the "benchmark" of the right to counsel is the "fairness of the adversary proceeding"). The right to

effective assistance is recognized because of the effect it has on the ability of the accused to receive a fair trial. [Lockhart v. Fretwell, *supra,* 113 S.Ct. at 842].

In this case, Petitioner was clearly deprived of the effective assistance of counsel.

## IX.
## PETITIONER'S GUILTY PLEA WAS ENTERED INVOLUNTARILY, UNKNOWINGLY AND UNINTELLIGENTLY IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT

### A. APPLICABLE LAW

A guilty plea must be voluntarily, understandingly, and knowingly entered to pass constitutional muster. Boykin v. Alabama, 395 U.S. 238, 242 (1969). A guilty plea is not voluntary if it is the product of "[i]gnorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats…." [Id. at 242-243]. In examining whether a guilty plea was knowingly and voluntarily entered, the standard is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). It is well settled that "waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970). To be constitutionally valid, a guilty plea must be made voluntarily, knowingly, and intelligently, as determined under the "totality of the circumstances." [Id. 397 U.S. at 748-749]. Moreover, to ensure that a guilty plea is knowingly and intelligently entered, Boykin requires that the court advise criminal defendants personally and on the record about the constitutional rights that are waived "when a guilty plea is entered in a state criminal trial." [395 U.S. at 243]. When determining whether a defendant has waived her constitutional rights, "[i]t has been pointed out that 'courts indulge every reasonable presumption against waiver' of fundamental constitutional rights. See, Johnson v. Zerbst, 304 U.S. 458, 464 (1938). When determining whether there has been an intelligent waiver of fundamental constitutional rights (such as forgoing a trial to plead guilty) the court must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused. [Zerbst, 304 U.S. at 465].

## ARGUMENT

In this case, Petitioner Transou, entered his guilty plea on the erroneous advice of counsel, after consulting with counsel prior to the plea.

To be constitutionally valid, a guilty plea must be made voluntarily, knowingly, and intelligently, as determined under the "totality of the circumstances." [Brady v. United States, *supra*, 397 U.S. at 748-749]. A guilty plea is not constitutionally valid if it is coerced.

At the time of the guilty plea in this case, Petitioner answered affirmatively on the record that he understood the nature of his plea and that it was being rendered freely, intelligently, and voluntarily. Petitioner was not exercising free and clear judgment when he entered his plea. Under the totality of circumstances, Petitioner's guilty plea was not entered in accordance with constitutional standards as argued above.

## ARGUMENT

### X.

### THE STATE COURT'S RULING IS ERRONEOUS AND NOT ENTITLED TO DEFERENCE WITHIN THE MEANING OF 28 U.S.C. §2254 (e) (1)

Under the facts and law argued above, Petitioner asserts that the state court's factual and legal ruling in this case is not entitled to deference because the factual findings and legal conclusion:

(1) Were contrary to clearly established federal law as determined by the Supreme Court;

(2) Involved an unreasonable application of such law; and

(3) Were based on an unreasonable determination of the facts in light of the record before the state court.

[28 U.S.C. §2254 (d) (1)].

Consequently, for the reasons and under the law argued above, Petitioner submits that this Court should reach the merits of his federal constitutional issues raised herein.

## CONCLUSION

**PREMISES CONSIDERED**, for the reasons and law argued above, Petitioner was deprived of the effective assistance of counsel, and prejudiced by counsel's deficient representation, in violation of U.S. Const. Amends. 6,14. Therefore, the Court should grant federal habeas relief in this case.

**WHEREFORE,** Petitioner is entitled to the habeas relief set forth below.

## REQUEST FOR RELIEF

Petitioner Micah T. Transou is without remedy save for habeas corpus. Accordingly, Petitioner requests that the Court:

1. Issue an Order to Show Cause;
2. Issue a Writ of Habeas Corpus;
3. Vacate Petitioner's convictions and remand to the trial court for a new trial.

## VERIFICATION

Petitioner, Micah T. Transou, declares under penalty of perjury under the laws of the State of Tennessee: The matters alleged in the instant motion are demonstrated by the exhibits lodged herein and my own personal knowledge about the facts in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Mr. Micah T. Transou, #295373
TCIX
1499 R.W. Moore Mem. Hwy.
Only, TN 37140

Petitioner in pro se

## PROOF OF SERVICE BY UNITED STATES MAIL

STATE OF TENNESSEE

I declare that I am a citizen of the United States. I am over the age of 18 years.

On January 2 4, 2023, I served the following documents described as:

### In re: Micah T. Transou's Petition for Writ of Habeas Corpus

on the persons below as follows:

1. U.S. Dist. Court, Clerk's office
   Western District of Tennessee
   167 N. Main Street, #242
   Memphis, TN 37203

I enclosed the documents in a sealed envelope addressed to the person at the address as indicated above and deposited it with the prison post office at the Turney Center Industrial Complex in Only, Tennessee, in a sealed envelope with First-Class postage fully prepaid.

I declare under penalty of perjury under the laws of the State of Tennessee that the above is true and correct.

Executed on January 24, 2023.



Mr. Micah T. Transou, #295373
Petitioner in pro se